# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| YUELL F. REEVES, ) | |
| ) | Case Nos. 1:93-cr-102; 1:17-cv-338 |
| *Petitioner*, ) | |
| ) | Judge Travis R. McDonough |
| v. ) | |
| ) | Magistrate Judge Christopher H. Steger |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| *Respondent*. ) | |

## MEMORANDUM OPINION

Before the Court is Petitioner Yuell F. Reeves's *pro se* motion for relief from void judgment under Federal Rule of Civil Procedure 60(b) (Doc. 68[1]). Petitioner's motion, filed on December 8, 2017, challenges the Court's May 19, 1999 judgment (Doc. 56) dismissing Petitioner's 28 U.S.C. § 2255 petition (Doc. 49). (Doc. 68, at 1–2.) For the reasons that follow, the Clerk will be **DIRECTED** to **TRANSFER** Petitioner's filing (Doc. 68) to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

### I. BACKGROUND

In 1994, a jury found Petitioner guilty of possession of firearms by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). (Doc. 23.) United States District Judge Robert A. Edgar sentenced Petitioner to 293 months' imprisonment after applying an enhancement under the Armed Career Criminal Act ("ACCA"). (Doc. 34.) The Sixth Circuit affirmed the

---

[1] Each document will be identified by the Court File Number assigned to it in the underlying criminal case: E.D. Tenn. Case No. 1:93-cr-102.

judgment. (Doc. 45.) Petitioner filed for post-conviction relief pursuant to 28 U.S.C. § 2255 on November 14, 1996. (Doc. 49.) This Court denied relief in 1999, concluding that none of the grounds asserted in Petitioner's original petition provided a viable basis for granting the requested collateral relief. (Docs. 55, 56.) On December 8, 2017, Petitioner filed a "Motion to Vacate Judgment Pursuant to Rule 60(b)" (Doc. 68), which is now ripe for the Court's review.

## II. STANDARD OF LAW

A § 2255 motion is "normally the exclusive way for federal prisoners to collaterally attack their convictions" or sentences as unconstitutional. *Brice v. Snyder*, 82 F. App'x 444, 446 (6th Cir. 2003); *see Capaldi v. Pontesso*, 135 F.3d 1122, 1123–24 (6th Cir. 1998) (explaining that, when a Petitioner alleges that his sentence violates the Constitution or laws of the United States or alleges that the district court lacked jurisdiction, relief should be sought via "an application under § 2255"); *accord United States v. Melton*, 359 F.3d 855, 857 (7th Cir. 2004) ("Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 . . . *is* a motion under § 2255, no matter what title [is] plaster[ed] on the cover." (emphasis in original; internal citations omitted)).

The United States Supreme Court has held that, although Federal Rule of Civil Procedure 60(b) authorizes relief from a void judgment when it alleges "some defect in the integrity of the federal habeas proceedings," a 60(b) motion should be construed as a second or successive § 2254 motion "if it attacks the federal court's previous resolution of a claim *on the merits*[.]" *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). The Sixth Circuit has held that "the *Gonzalez* Court's reasoning is applicable" to § 2255 proceedings as well:

> A Rule 60(b) motion that attempts "to add a new ground for relief" is effectively a motion to vacate, set aside, or correct the sentence, and thus should be considered a § 2255 motion. *See Gonzalez,* 545 U.S. at 532, 125 S.Ct. 2641. Likewise, a Rule 60(b) motion should be considered a § 2255 motion to vacate, set aside, or correct

2

> the sentence "if it attacks the federal court's previous resolution of a claim *on the merits,* since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." *See id.* In at least these two circumstances, "use of Rule 60(b) would impermissibly circumvent the requirement that a successive habeas petition be precertified by the court of appeals as falling within an exception to the successive-petition bar." *Id.*

*Larry Nailor v. United States (In re Nailor)*, 487 F.3d 1018, 1022–23 (6th Cir. 2007) (affirming a district court's decision to construe a Rule 60(b) motion as a § 2255 motion).

### III. ANALYSIS

Petitioner argues that this Court's judgment denying his § 2255 petition is void because the Sixth Circuit subsequently held in *United States v. Stitt*, 860 F.3d 854 (6th Cir. 2017) (en banc), that a conviction of aggravated burglary under Tennessee law does not qualify as a predicate offense under the ACCA. (Doc. 68, at 1–2); *see Stitt*, 860 F.3d at 857. However, since Petitioner filed his motion, the United States Supreme Court has reversed the Sixth Circuit's holding in *Stitt*, holding instead that Tennessee aggravated burglary does qualify as the enumerated violent felony of burglary for purposes of a mandatory-minimum sentence under the ACCA. *United States v. Stitt*, No. 17-765, 2018 WL 6439818, at *6 (U.S. Dec. 10, 2018).

Nonetheless, this Court need not reach the merits of Petitioner's motion. Because Petitioner attacks the validity of his sentence, rather than some defect in his post-conviction proceeding, the Court construes this motion as a successive petition to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255. *See In re Nailor*, 487 F.3d at 1022–23; *see also Capaldi*, 135 F.3d at 1123–24. Under the "Antiterrorism and Effective Death Penalty Act of 1996," Petitioner cannot file a second or successive § 2255 petition in the district court until he has moved in the United States Court of Appeals for the Sixth Circuit for an order authorizing the district court to consider the motion. 28 U.S.C. § 2255(h). No such order has been received

by this Court. Accordingly, Petitioner's filing will be transferred to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631. *See In re Sims*, 111 F.3d at 47.

## IV. CONCLUSION

For the reasons above, the Clerk is **DIRECTED** to **TRANSFER** Petitioner's filing (Doc. 68) to the United States Court of Appeals for the Sixth Circuit.

Should Petitioner give timely notice of an appeal from this Order, such notice will be treated as an application for a certificate of appealability, which is hereby **DENIED** because he has failed to make a substantial showing of the denial of a constitutional right or to present a question of some substance about which reasonable jurists could differ. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). As explained above, the Supreme Court's holding in *Stitt* has precluded Petitioner's potential grounds for relief. *See Stitt*, 2018 WL 6439818, at *6.

Additionally, the Court has reviewed this case pursuant to Rule 24 of the Federal Rules of Appellate Procedure and hereby **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, any application by Petitioner for leave to proceed *in forma pauperis* on appeal is **DENIED**. *See* Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT WILL ENTER.**

/s/*Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**